UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

D JACK SCHICKLING, and J
LAUREN SCHICKLING,

        Plaintiffs,

v.

BRIAN T. MOYNIHAN, et al.,

        Defendants.

Case No. 6:12-cv-385-AA

OPINION AND ORDER

AIKEN, Chief Judge:

    On March 2, 2012 plaintiffs filed suit and sought a temporary restraining order and preliminary injunction to enjoin the non-judicial foreclosure of their property located at 17620 Highway 126, Walton, Oregon. On March 5, 2012 the court granted plaintiffs' motion for temporary restraining order, enjoined the sale of the property, and set a show cause hearing. The court subsequently was informed that the foreclosure sale was postponed, and the court denied plaintiffs' request for preliminary injunctive relief without prejudice. Now before the court is several

1    - OPINION AND ORDER

defendants' motion to dismiss for lack of personal jurisdiction and plaintiffs' renewed request for a preliminary injunction. Defendants' motion is granted and this action is dismissed, without prejudice.[1]

Due process requires that a defendant, if not present in the state, "have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted). Minimum contacts can be demonstrated through facts supporting either general or specific jurisdiction over a defendant. See Boschetto v. Hansing, 539 F.3d 1011, 1016 (9th Cir. 2008). Plaintiffs bear the burden of establishing a prima facie showing of jurisdictional facts. Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1127 (9th Cir. 2010).

To support general jurisdiction, the defendant must have "continuous and systematic" contacts with the forum state that "approximate physical presence." Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). In other words, in this case plaintiffs must show that each named defendant has "continuous and systematic" contacts with Oregon. Plaintiffs present no evidence to suggest that the named individual defendants personally do business in Oregon on a continuous basis, travel to Oregon frequently, or otherwise maintain a presence in Oregon to allow the assertion of general jurisdiction.

---

[1] Defendants also argue that the court lacks subject matter jurisdiction over plaintiffs' claims. While I agree that plaintiffs' claims of conspiracy and predatory lending practices asserted under RICO and the Hobbs Act are not cognizable as pled, plaintiffs' Complaint also challenged the non-judicial foreclosure of their property which the court construed as a wrongful foreclosure claim. Construing their Complaint liberally, the court presumes that the value of plaintiffs' property exceeds $75,000, and the parties are of diverse citizenship. 28 U.S.C. § 1332(a); Cohn v. Petsmart, 281 F.3d 837, 840 (9th Cir. 2002) (in actions seeking injunctive relief, the amount in controversy is determined by the value of the object of the litigation).

To assert specific jurisdiction, plaintiffs must show that defendants "purposely availed" themselves of this forum, and that plaintiffs' cause of action arises directly from the named defendants' contacts with Oregon. See Boschetto, 539 F.3d at 1016. Again, plaintiffs do not allege that their wrongful foreclosure claim arises from the named defendants' actions or conduct in Oregon. Plaintiffs cannot rely on the contacts of the companies and corporations associated with the individual defendants, such as BAC Home Loan Servicing, LP, ReconTrust Company, N.A. or Bank of America. Significantly, plaintiffs sued individual officers of these corporations; therefore, plaintiffs must establish that these individuals, not the corporations, possess the requisite "minimum contacts" with this forum to allow plaintiffs' lawsuit to proceed against them. Plaintiffs fail to do so to establish personal jurisdiction. If plaintiffs wish to rely on the contacts of the corporations, plaintiffs should have filed suit against the corporations instead of the individual defendants.[2]

Normally, the court would allow a pro se plaintiff to amend the complaint and name the proper defendants. However, defendants have informed the court that the non-judicial foreclosure sale of plaintiffs' property has been postponed indefinitely, and plaintiffs can no longer show the likelihood of irreparable harm or the pendency of a live controversy between the parties. See Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). Indeed, in their renewed request for injunctive relief, plaintiffs assert no impending foreclosure of their property and instead seek discovery.

Granted, plaintiffs present documents that raise questions about assignments of the Deed of Trust and the legality of a non-judicial foreclosure of plaintiffs' property. Nonetheless, plaintiffs' evidence does not alter the fact that no non-judicial foreclosure proceedings are pending at this time.

---

[2]Plaintiffs also bring suit against GN Mortgage, LLC, a Wisconsin limited liability company. However, plaintiffs' Complaint alleges no specific allegations against this company or provides a basis to allow their wrongful foreclosure claim to proceed against it.

3    - OPINION AND ORDER

That said, the court's dismissal of this action is without prejudice and will not bar plaintiffs from seeking relief if non-judicial foreclosure proceedings are reinitiated against their property.

Conclusion

For the foregoing reasons, defendants' motion to dismiss for lack of personal jurisdiction (doc. 34) is GRANTED, plaintiffs' motions for preliminary injunction (docs. 33, 38) are DENIED, and this case is DISMISSED without prejudice.

IT IS SO ORDERED.

Dated this 31st day of October, 2012.

_____
Ann Aiken
United States District Judge